```
                     UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF FLORIDA
                             MIAMI DIVISION
                     CASE NO. 14-20300-CR-GAYLES


UNITED STATES OF AMERICA,              Miami, Florida

               Plaintiff,              September 18, 2014

vs.                                    10:30 a.m. to 10:46 a.m.

ABIGAIL AGUILA,

               Defendant.              Pages 1 to 11
_____


                              SENTENCING
                BEFORE THE HONORABLE DARRIN P. GAYLES,
                     UNITED STATES DISTRICT JUDGE


APPEARANCES:

FOR THE GOVERNMENT:        ANNE McNAMARA, ESQ.
                           ASSISTANT UNITED STATES ATTORNEY
                           99 Northeast Fourth Street
                           Miami, Florida 33132


FOR THE DEFENDANT:         MARTIN BEGUIRISTAIN, ESQ.
                           12930 SW 128th Street
                           Suite 103
                           Miami, Florida 33186


REPORTED BY:               PATRICIA DIAZ, RPR, FPR
                           Official Court Reporter
                           United States District Court
                           400 North Miami Avenue
                           Tenth Floor
                           Miami, Florida 33128
                           (305) 523-5178
```

1                (Call to the order of the Court.)

2                COURTROOM DEPUTY:  Calling United States versus Abigail
3     Aguila, case number 14-CR-20300.

4                Counsel, please state your appearance for the record.

5                GOVERNMENT ATTORNEY:  Good morning, Your Honor, Anne
6     McNamara on behalf of the United States.

7                MR. BEGUIRISTAIN:  Good morning, Your Honor, Martin
8     Beguiristain on behalf of Abigail Aguila, who is present with
9     me with the assistance of an interpreter.

10               THE COURT:  Good morning.

11               THE PROBATION OFFICER:  Marilys Martinez for probation.

12               (Interpreter present.)

13               THE COURT:  All right.  We are here for the sentencing
14    of Ms. Aguila.  Are we ready to proceed?

15               MR. BEGUIRISTAIN:  Yes, Your Honor.

16               MS. MCNAMARA:  Yes, Your Honor.

17               THE COURT:  Anything you want to say?

18               MR. BEGUIRISTAIN:  We are ready to proceed, Your Honor.

19               THE COURT:  Okay.  I understand that there is a
20    recommendation -- well, you're, obviously, seeking the minimum.

21               Is there any objection to 30 months from the
22    Government?

23               MS. MCNAMARA:  No, Your Honor.

24               MR. BEGUIRISTAIN:  Your Honor, I'm sorry, if I can
25    address one issue, actually two issues prior to moving forward.

1  THE COURT: Okay.

2  MR. BEGUIRISTAIN: And I just want to put these on the
3  record. We have a plea agreement that has her sentencing
4  guidelines to be used under 2B4.1. This is something I have
5  discussed with the Government for a while.

6  There are two alternative guideline provisions for this
7  crime. There is 2B4.1 and 2B1.1. Now, in general, 2B1.1 is
8  the general theft statute, the general theft guideline, and
9  2B4.1 is a bribery guideline. The guidelines called for this
10 type under this statute to be sentenced under either one of the
11 two guidelines.

12 Now, we have a plea agreement that says that we are
13 going to use 2B4.1, but I do want to make Your Honor aware that
14 had 2B1.1 been used in this case, in this particular
15 circumstance, the guideline would have ended up a 17, which
16 would have allowed for 24 to 30-month sentence.

17 THE COURT: Okay.

18 MR. BEGUIRISTAIN: Because of the numbers and
19 everything how it plays out in this particular case -- in other
20 cases, it wouldn't matter, depending upon the numbers. In this
21 particular case, had 2B1.1 been used, it would have been 24 to
22 30; 2B4.1 would be 30 to 36.

23 Having that in Your Honor's hands, you can make the
24 decision. I am not allowed to argue one way or another
25 pursuant to the plea agreement.

```
 1            Secondly, I spoke to Ms. McNamara about a week ago.  I
 2   was expecting a 5K1 to be filed in this case.  It is my
 3   understanding that it is not ripe, I guess, at this point for a
 4   5K1.1, but I certainly would be expecting a Rule 35 to be filed
 5   somewhere in the near future on this case.
 6            A couple of issues with regards to designation.  I
 7   believe my client, based upon my experience in this type of
 8   case, and the amounts of time she will be seeing, in all
 9   likelihood she will be designated to the camp in Coleman for
10   females.  She completely meets all the criteria.
11            One of the things I want to ask for is for a
12   self-surrender from Your Honor, and I noticed that 45 days was
13   given to the previous person.  I am going to ask for 60 days
14   when you sentence her, based upon I believe it could take 30,
15   45, 60 days for designation.
16            My client wants to start her sentence immediately.  We
17   had discussions of her potentially just surrendering tomorrow,
18   doing a self-surrender because of the point system in the
19   Bureau of Prisons.  If you remand her, it increases her
20   security level.  If she is self-surrender, it doesn't matter if
21   it's an hour later, she doesn't get that increased level of
22   security.
23            So, having said all of that, once she is designated --
24   and we believe it will be Coleman Women's Camp -- she intends
25   on surrendering immediately.  She is not waiting until whenever
```

1   her deadline is.  I would ask for 60 days self-surrender and
2   you consider -- not that I would argue -- sentencing under
3   2B1.1, which would be a 24 to 30-month sentence and sentence
4   her to 24 months.
5           THE COURT:  Just so I'm clear, you're asking for
6   additional time to surrender, but you're telling me she wants
7   to surrender right away?
8           MR. BEGUIRISTAIN:  Your Honor, if she was designated
9   right now to Coleman, she'd want to drive up to Coleman
10  tomorrow.
11          THE COURT:  Okay.  Any response from the Government?
12          MS. MCNAMARA:  Yes.  As to the self-surrender, if his
13  client would prefer to surrender today, the Government would
14  have no problem with that.  Otherwise, we are willing to
15  recommend 45 days to be consistent with the other defendants
16  this morning.  We would oppose a request for 60 days.
17          As to the guidelines issue, number one, I direct the
18  Court to paragraph 40 of the PSR, which also agrees with the
19  guidelines which are laid out in the plea agreement and in
20  several similarly situated and charged cases.  The 2B4.1 and
21  2B1.1 are appropriate because this is a conspiracy to defraud
22  the United States and to solicit and receive kickbacks.
23          And as counsel and I discussed several times, at the
24  end of the day the numbers end up the same.  If he is looking
25  for a healthcare fraud basis six, that would -- it would end up

```
 1   the same because there would be sophisticated means.
 2           We believe that the guideline range as listed in the
 3   PSR and the plea agreement is appropriate, and we note that
 4   this was discussed and signed by both defense counsel and his
 5   client.  We believe that's what should apply here.
 6           THE COURT:  All right.  Anything that Ms. Aguila would
 7   like to say before I impose sentence?
 8           MR. BEGUIRISTAIN:  No, Your Honor.  She has said quite
 9   a bit in the past.
10           THE COURT:  All right.  I do find that the appropriate
11   guideline is the guidelines Sections 2B4.1(a), based on the
12   allegations in this case -- not just the allegations but the
13   actual facts for which the defendant has plead guilty.
14           I do note that, in any event, I find the 30 months to
15   be an appropriate sentence.  So it doesn't really matter under
16   which section I apply, but I will apply the 2B4.1 (a) as that
17   was contemplated by the parties in their plea negotiations, as
18   well as it's consistent with the guidelines established for the
19   codefendants.  And they are consistent with the facts of this
20   case.
21           So the Court finds, based upon the record and the
22   presentence investigation report, that the total offense level
23   is 19, with a criminal history category of one and applicable
24   advisory guideline range of 30 months to 37 months.
25           The Court has considered the statement of the parties
```

1  or the statements of the parties, the presentence report, which
2  contains the advisory guidelines, which I just articulated, and
3  the statutory factors set forth in Title 18 United States Code,
4  Section 3553(a).
5         It is the finding of the Court that the defendant is
6  not able to pay a fine as well as restitution.
7         It is the judgment of the Court that the defendant,
8  Abigail Aguila, is committed to the Bureau of Prisons to be
9  imprisoned for 30 months as to Count 2.
10        It is further ordered that the defendant shall pay
11 restitution joint and severally with the codefendants in the
12 instant offense and the defendants Roberto Marrero, Sandra
13 Fernandez Viera and Enrique Rodriguez in docket number
14 13-20318-CR-Moore in the amount of $491,438.
15        During the period of incarceration, payment should be
16 made as follows:  If the defendant earns wages in the Federal
17 Prison Industries also known as UNICOR job, then the defendant
18 must pay 50 percent of her wages earned toward the financial
19 obligations imposed by this judgment.  If the defendant does
20 not work in a UNICOR job, then the defendant must pay a minimum
21 of $25 per quarter towards the financial obligations that will
22 be imposed in the judgment and sentence.
23        Upon release from incarceration, the defendant shall
24 pay restitution at the rate of 10 percent of her monthly gross
25 earnings until such time as the Court may alter that payment

1   schedule in the interest of justice.

2          The U.S. Bureau of Prisons, the U.S. Probation Office
3   and the U.S. Attorney's Office shall monitor the payment of
4   restitution and report to the Court any material change in the
5   defendant's ability to pay.

6          These payments do not preclude the Government from
7   using any other anticipated or unexpected financial gains,
8   assets or income of the defendant to satisfy the restitution
9   obligations.  The restitution shall be made payable to the
10  Clerk of the United States Courts and forwarded to the
11  U.S. Clerk's Office here in this courthouse, and restitution
12  will be forwarded by the Clerk of the Court to the victim in
13  this case.

14         Upon release from imprisonment, the defendant shall be
15  placed on supervised release for a term of three years as to
16  Count 2.  Within 72 hours of release from the custody of the
17  Bureau of Prisons, the defendant shall report in person to the
18  probation office in the district to which she is released.

19         While on supervised release, the defendant shall not
20  commit any crimes, shall be prohibited from possessing a
21  firearm or other dangerous devices, shall not possess a
22  controlled substance, shall cooperate in the collection of DNA
23  and shall comply with the standard conditions of supervised
24  release, including the following special conditions.

25         The defendant shall complete a financial disclosure,

1    comply with the financial disclosure requirement.  The no new
2    debt restriction and the healthcare business restriction is
3    noted in part G of the presentence report.
4             It is further ordered that the defendant pay
5    immediately to the United States a special assessment of $100.
6             In sum, the defendant's total sentence is 30 months of
7    imprisonment with a judgment in the amount of $491,438 as
8    restitution.
9             The period of imprisonment or incarceration shall be
10   followed by three years supervised release with a $100 special
11   assessment.
12            I am going to make the Coleman designation.  The Court
13   will recommend that the defendant be housed at Coleman,
14   provided she qualifies pursuant to the Bureau of Prisons'
15   guidelines.  I am going to require, however, that -- well, I am
16   going to require that she surrender within 45 days at the
17   facility designated by the Bureau of Prisons, and she must
18   surrender by 2 o'clock p.m. on Monday, November 3rd, 2014.
19            Ms. Aguila, if you have not received the designation
20   from the Bureau of Prisons within 48 hours of November 3rd,
21   your surrender date, you must surrender here to the U.S.
22   Marshals.
23            Do you understand that, here in Miami?
24            THE DEFENDANT:  Yes, sir.
25            THE COURT:  Now that sentence has been imposed -- oh,

1   and, of course, the defendant may surrender -- once she
2   receives the designation, she can surrender earlier if she
3   chooses to do that.
4           Now that the sentence has been imposed, does the
5   defendant or counsel object to the statements of fact or to the
6   manner in which the sentence was pronounced?
7           MR. BEGUIRISTAIN:  Nothing other than what's already
8   been discussed.
9           THE COURT:  All right.
10          Ms. Aguila, you have the right to appeal the conviction
11  and sentence imposed subject to any waivers that may be
12  contained in your written plea agreement.
13          Any notice of appeal must be filed in 14 days after the
14  entry of the judgment.  If you are unable to pay the cost of an
15  appeal, you may apply for leave to appeal in forma pauperis.
16          As to the other counts --
17          MS. MCNAMARA:  Your Honor, the defendant is only
18  charged with one count in the indictment so there is none to
19  drop.
20          THE COURT:  Okay.  Anything else on behalf of the
21  Government?
22          MS. MCNAMARA:  No, Your Honor.
23          THE COURT:  Defense?
24          MR. BEGUIRISTAIN:  No, Your Honor.
25          THE COURT:  Okay.  Thank you very much.

1          MR. BEGUIRISTAIN:  Thank you.

2          THE COURT:  Thank you.

3          (Proceedings were concluded at 10:26 a.m.)

4

5

6
                    C E R T I F I C A T E
7

8          I hereby certify that the foregoing is an

9   accurate transcription of the proceedings in the

10  above-entitled matter.

11

12
    October 23, 2014      /s/Patricia Diaz
13       DATE              PATRICIA DIAZ, RPR, FPR
                           Official Court Reporter
14                         United States District Court
                           400 North Miami Avenue, Tenth Floor
15                         Miami, Florida 33128
                           (305) 523-5178
16

17

18

19

20

21

22

23

24

25